NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEJPAL SINGH, AKA Navtej Singh Mattu,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-73384<br><br>Agency No. A200-941-167<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Tejpal Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").   We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the BIA's determination that, even if Singh was credible and established he suffered past persecution, Singh could relocate safely in India, and that it would be reasonable for him to do so. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B); *see also Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003) (internal relocation finding supported even in the face of somewhat contradictory or ambiguous background information). We reject Singh's contention that the agency did not conduct an individualized analysis. Thus, Singh's asylum and withholding of removal claims fail.

Finally, substantial evidence also supports the agency's denial of CAT relief because Singh failed to show it is more likely than not that he would be tortured by the Indian government, or with its consent or acquiescence. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

13-73384